

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00082-CR
_____


TORIN LYNN SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 23F0661-102



Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Torin Lynn Smith pled guilty to exploitation of a child, elderly individual, or disabled individual,[1] and pursuant to a plea agreement, the trial court sentenced Smith to ten years' incarceration, suspended that sentence, and placed Smith on ten years' community supervision. Despite the trial court's certification that this was a plea-agreement case and that Smith had no right of appeal, Smith filed a notice of appeal. Because we find that we are without jurisdiction over this cause due to Smith's plea bargain with the State and his failure to timely perfect the appeal, we will dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

> (2) . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial,
>
> (B) after getting the trial court's permission to appeal, or
>
> (C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court (1) that this specific appeal is expressly authorized by statute, (2) that Smith filed a motion that was ruled on before trial, or (3) that Smith obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Smith's right of appeal indicates that he has no right of appeal.

---

[1] TEX. PENAL CODE ANN. § 32.53.

2

Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates that there is no right of appeal. *See* TEX. R. APP. P. 25.2(d).

Even if Smith had a right of appeal, his notice of appeal was untimely under the requirements of Rule 26.2 of the Texas Rules of Appellate Procedure. Sentence was imposed in this matter on December 5, 2023, and Smith did not file a motion for new trial. As a result, his notice of appeal was due on or before January 4, 2024. *See* TEX. R. APP. P. 26.2(a)(1). Smith's notice of appeal was not filed until April 29, 2024, well beyond the January 4 deadline. The Texas Court of Criminal Appeals has expressly held that, without a timely filed notice of appeal, we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998).

On April 30, 2024, we informed Smith of the apparent defects in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defects. Smith filed a response to our April 30 correspondence, but he failed to demonstrate a sufficient basis for our retention of this appeal on our docket.

Because Smith has no right of appeal due to his plea bargain with the State, because the trial court's certification correctly indicates that he is without a right of appeal, and because, even if he had a right of appeal, he failed to timely perfect it, we dismiss this appeal for want of jurisdiction.


Jeff Rambin
Justice

Date Submitted:     May 16, 2024
Date Decided:       May 17, 2024

Do Not Publish

4